U.S. DISTRICT COURT - N.D. OF N.Y.

**FILED**

JAN 1 4 2013

AT_____ O'CLOCK_____

Lawrence K. Baerman, Clerk - Syracuse

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

Civil Case No._____

**CHAD R. GOETZ,**

**Plaintiff**

**vs.**

**MIDLAND CREDIT MANAGEMENT, INC.,**
**Defendant**

**COMPLAINT PURSUANT TO THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
FAIR CREDIT REPORTING ACT, AND THE
TELEPHONE CONSUMER PROTECTION
ACT.** 5.13 CV 50 GLS/ATB.

**JURY TRIAL DEMANDED**

Plaintiff Chad R. Goetz hereby sues Defendant Midland Credit Management, Inc.

(hereinafter "MCM") for money damages arising from violations of the Fair Debt Collection

Practices Act (FDCPA) 15 U.S.C. § 1692 *et. seq.*, the Fair Credit Reporting Act (FCRA) 15

U.S.C. § 1681 *et. seq.*, and the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227 *et.*

*seq.* and, upon information and belief, alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court possesses original jurisdiction of this matter pursuant to 28 U.S.C. § 1331 as
   the claims arise under the FDCPA, FCRA, and TCPA.

2. Venue is invoked pursuant to 28 U.S.C. § 1391b(2).

## II. PARTIES

3. Plaintiff, Chad R. Goetz, is a natural individual and is a resident of the State of New York,
   in the County of Onondaga.

4. Defendant MCM is a Kansas corporation authorized to conduct business in New York.
   Defendant's principal place of business is at 3111 Camino Del Rio North Suite 1300, San
   Diego, California 92108.  The principal purpose of Defendant MCM is attempting to
   collect debts alleged to be due another through the use of mails and telephone.

1

### III. GENERAL ALLEGATIONS OF FACT AND LAW

*VIOLATIONS OF THE FDCPA*

5. On January 5, 2012, Defendant made an inquiry into Plaintiff's Trans Union consumer report.

6. The inquiry into Plaintiff's Trans Union consumer report was done to assess the ability of the Plaintiff to pay on an alleged credit debt this is primarily for personal, family, or household purposes pursuant to 15 U.S.C. § 1692a(5).

7. The inquiry into Plaintiff's Trans Union consumer report represents a deceptive and unconscionable means to collect on an alleged debt, as Plaintiff has had no business dealings or any form of a creditor/debtor and/or contractual relationship with the Defendant and does not owe them any money.

8. On or around January 19, 2012 Plaintiff received an unsigned letter from Defendant dated January 14, 2012 in an attempt to collect on an alleged credit card debt.

9. The January 14, 2012 letter states at the top in all capital letters, in boldface type, and with a font substantially larger than that used in the body of the letter as follows:  "NOTICE OF NEW OWNERSHIP AND PRE-LEGAL REVIEW."  The words "PRE-LEGAL REVIEW" and the manner in which they are portrayed is threatening to the least sophisticated consumer standard and egregiously overshadows Plaintiff's right to dispute the debt pursuant to 15 U.S.C. § 1692g(b).

10. The January 14, 2012 letter states "Midland Credit Management, Inc. is considering forwarding this account to an attorney in your state for possible litigation" which is threatening language according to the least sophisticated consumer standard and

represents an egregious overshadowing of Plaintiff's right to dispute the debt pursuant to 15 U.S.C. § 1692g(b).

11. The January 14, 2012 letter states "If we don't hear from you or receive payment by 02-28-2012, we may proceed with forwarding this account to an attorney" which is threatening language according to the least sophisticated consumer standard and represents an egregious overshadowing of Plaintiff's right to dispute the debt pursuant to 15 U.S.C. § 1692g(b).

12. The January 14, 2012 letter states "If this account goes to an attorney, our flexible options may no longer be available to you" which is threatening language according to the least sophisticated consumer standard and represents an egregious overshadowing of Plaintiff's right to dispute the debt pursuant to 15 U.S.C. § 1692g(b).

13. The January 14, 2012 letter states "This may be your last chance to work with us before the account goes to an attorney" which is threatening language according to the least sophisticated consumer standard and represents an egregious overshadowing of Plaintiff's right to dispute the debt pursuant to 15 U.S.C. § 1692g(b).

14. As a natural result of the repeated references of forwarding the alleged account to an attorney and the implied legal action, Plaintiff suffered anxiety and mental anguish.

15. To date, Defendant has taken no steps toward suing Plaintiff for the alleged debt.

16. Plaintiff believes that Defendants never intended on taking legal action against Plaintiff, but merely made such baseless threats in order to coerce Plaintiff into making complete and immediate payment.

17. The amount stated as allegedly due and owing on the January 14, 2012 letter is $4,730.03, an amount that has not been validated in any meaningful way other than listing it in the

3

letter and as such is in violation of 15 U.S.C. § 1692e(2)(a).

18. The envelope containing the January 14, 2012 letter has the phrases "IMPORTANT NOTICE" and "DATED MATERIAL" printed thereon, in violation of 15 U.S.C. § 1692f(8).

19. Beginning on January 16, 2012, Plaintiff began receiving a plethora of phone calls from the Defendant to Plaintiff's cellular telephone.

20. Plaintiff received fifty-nine [59] calls from Defendant in less than a month's time to his cellular telephone.

21. On multiple occasions Plaintiff received voicemails on Plaintiff's cellular telephone left by Defendant without any meaningful disclosure of the caller's identity in violation of 15 U.S.C. § 1692d(6).

22. As a natural result of each call, Plaintiff was annoyed and felt harassed, angered, and frustrated at having to stop what he was involved with to direct his attention to the ringing cell phone.

23. On February 9, 2012 Plaintiff sent a validation request to Defendant pertaining to the alleged debt.

24. On or around July 13, 2012 Plaintiff received a letter from Defendant dated July 2, 2012 that included various unauthenticated documents from Defendant allegedly pertaining to the alleged debt.

25. Included in the unauthenticated documents are multiple amounts shown to be allegedly due and owing as follows:  $4,571.57, $4, 720.72, and $4,422.42, which is in violation of 15 U.S.C. § 1692e(2) by falsely representing the amount of the alleged debt.

26. Nowhere in the documents provided by Defendant was included any contract or agreement signed by Plaintiff that may establish a legal basis for the alleged debt.

27. On or around July 18th, Plaintiff received another unsigned letter from Defendant dated July 13, 2012 attempting to collect on the same alleged, and as yet, unvalidated debt.

28. On the July 13, 2012 letter it states "We will stop applying interest to your account as soon as you make your first payment!" which is in violation of 15 U.S.C. § 1692f(1) by attempting the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law," as Plaintiff has no creditor/debtor and/or contractual relationship with Defendant, and as such there can be no applicable interest charges.

29. The amount listed as allegedly due and owing on the July 13, 2012 letter is $4,868.14, an amount that has not been verified in any meaningful way other than listing it in the letter and as such is in violation of 15 U.S.C. § 1692e(2)(a).

30. On the outside of the envelope containing the letter dated July 13, 2012 are the words "Time Sensitive Documents," in violation of 15 U.S.C. § 1692f(8).

31. On or around August 31, 2012, Plaintiff received another unsigned letter from Defendant dated August 24, 2012 attempting to collect on the same alleged, and as yet, unvalidated debt.

32. In the August 24, 2012 letter it states "We will stop applying interest to your account as soon as you make the first payment!" which is in violation of 15 U.S.C. § 1692f(1) by attempting the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law," as Plaintiff has no creditor/debtor

and/or contractual relationship with Defendant, and as such there can be no applicable interest charges.

33. On the outside of the envelope containing the letter dated August 24, 2012 are the words "Time Sensitive Documents" in violation of 15 U.S.C. § 1692f(8).

34. The amount listed as allegedly due and owing on the August 24, 2012 letter is $4,900.72, an amount that has not been verified in any meaningful way other than listing it in the letter and as such is in violation of 15 U.S.C. § 1692e(2)(a).

35. On or around October 12th, Plaintiff received another unsigned letter from Defendant dated October 5, 2012 attempting to collect on the same alleged, and as yet, unvalidated debt.

36. In the October 5, 2012 letter is states "We will stop applying interest to your account as soon as you make your first payment!" which is in violation of 15 U.S.C. § 1692f(1) by attempting the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law," as Plaintiff has no creditor/debtor and/or contractual relationship with Defendant, and as such there can be no applicable interest charges.

37. On the outside of the envelope containing the letter dated October 5, 2012 are the words "Time Sensitive Documents" in violation of 15 U.S.C. § 1692f(8).

38. The amount listed as allegedly due and owing in the October 5, 2012 letter is $4,933.30, an amount that has not been verified in any meaningful way other than listing it in the letter and as such is in violation of 15 U.S.C. § 1692e(2)(a).

39. From the first contact received from the Defendant by Plaintiff in January, 2012 to the most

recent contact in October 2012, the Defendant has added $203.27 in interest charges onto the alleged debt without any authority in law in so doing, and represents and egregious violation of 15 U.S.C. § 1692f(1).

40. Discovery of violations brought forth herein occurred in January 2012 and at various dates and times thereafter and are within the statute of limitations as defined in the FDCPA, 15 U.S.C. § 1692k.

### VIOLATIONS OF THE FCRA

41. On January 5, 2012, Defendant made an inquiry into Plaintiff's Trans Union consumer credit report without a permissible purpose as defined at 15 U.S.C. § 1681b.

42. Congress enacted the FCRA in part to stringently protect consumer privacy interests from unwarranted and illegal intrusions.

43. To further this protective purpose, 15 U.S.C. § 1681b(a) provides, in relevant part, that a consumer reporting agency may furnish a consumer report only for certain specified reasons:

1.  In response to the order of a court having jurisdiction to issue such an order...;
2.  In accordance with the written instructions of the consumer to whom it relates;
3.  To a person which it has reason to believe---
    a. Intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; ... .

   15 U.S.C. § 1681b(a)(1-3)(abridged).

44. At no time has a court order been entered granting Defendant authority to pull Plaintiff's credit report.

45. At no time has the Plaintiff personally granted Defendant the right to pull Plaintiff's credit report.

46. At no time has the Plaintiff been involved with a credit transaction, an extension of credit, or had any type of a legitimate business account with Defendant.

47. The discovery of the FCRA violations occurred in March 2012 and are within the applicable statute of limitations pursuant to 15 U.S.C. § 1681p(1).

*VIOLATIONS OF THE TCPA*

48. From January 16, 2012 through February 14, 2012 Plaintiff received a total of fifty-nine [59] telephone calls from a source identified on the caller identification feature of Plaintiff's cellular telephone as "No ID." An *Affidavit of Fact* and an Annexure entitled *Plaintiff's Cellular Telephone Call Log* is attached hereto as Plaintiff's EXHIBIT A and by this reference is incorporated herein.

49. Plaintiff answered the call from "No ID" on February 14, 2012, which revealed the caller to be an agent of the Defendant.

50. On multiple occasions over numerous days, all prior to the date this Complaint was filed Defendant contacted Plaintiff fifty-nine [59] times on Plaintiff's cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

51. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1)(a)(iii).

52. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

53. Plaintiff never provided express consent to Defendant to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227(b)(1)(A).

54. These fifty-nine [59] telephone calls by Defendant were in violation of 47 U.S.C. § 227(b)(1).

55. The discovery of the TCPA violations occurred in March 2012 and are within the applicable statute of limitations pursuant to 28 U.S.C. § 1658(a).

56. On June 12, 2012 Plaintiff sent Defendant a Notice of Intent to Sue pertaining to Defendant's violations of the FDCPA, FCRA, and the TCPA with a request to settle this matter outside of court.  Defendant never responded to Plaintiff's letter.

## IV.  CAUSES OF ACTION

**FIRST CLAIM FOR RELIEF:**
**Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.***
**Willful Non-Compliance by Defendant MCM**

57. Plaintiff repeats and realleges each and every allegation above.

58. Plaintiff is a "consumer" as defined at 15 U.S.C. § 1692a(3).

59. Defendant MCM is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

60. As a "debt collector" Defendant MCM is charged with fully knowing its duties and legal obligations as they pertain to the FDCPA.

61. As a result of having foreknowledge of its duties and legal obligations under the FDCPA, and by failing to adhere to those duties and legal obligations, Defendant willfully violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

   1. Defendant willfully violated 15 U.S.C. § 1692g(b) by repeatedly threatening to take legal action in the initial communication received by Plaintiff in a manner that overshadowed the notice of validation rights and would create confusion for the least sophisticated consumer about his rights.

   2. Defendant willfully violated 15 U.S.C. § 1692e(10) by using deceptive means via making an inquiry into Plaintiff's Trans Union consumer report in attempting to collect on an alleged credit card debt.

3. Defendant willfully violated 15 U.S.C. § 1692e(5) by threatening to take legal action that cannot legally be taken or that was not intended to be taken.

4. Defendant willfully violated 15 U.S.C. § 1692e(2)(a) by falsely representing the character, amount, or legal status of the debt.

5. Defendant willfully violated 15 U.S.C. § 1692f by using unfair and unconscionable means in attempting to collect on the alleged debt by threatening legal action, adding interest charges where there exists no legal authority to do so, and by accessing Plaintiff's Trans Union consumer report without a permissible purpose in so doing.

6. Defendant willfully violated 15 U.S.C. § 1692f(8) by using language other than the Defendant's address on envelopes when communicating with Plaintiff by use of mailings.

7. Defendant willfully violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass.

8. Defendant willfully violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity.

9. Defendant willfully violated 15 U.S.C. § 1692f(1) by adding interest to the alleged debt where there exists no legal authority to do so.

62. As a result of the foregoing violations, Plaintiff suffered anger, anxiety, frustration, and emotional distress and Defendant is liable for Plaintiff's actual damages, statutory damages, costs, and attorney's fees.

**SECOND CLAIM FOR RELIEF:**
**Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.***
**Willful noncompliance by Defendant MCM**

63. Plaintiff repeats and realleges each and every allegation above.

64. Plaintiff is a "consumer" as defined at 15 U.S.C. § 1681a(c).

65. MCM is a "person" as defined at 15 U.S.C. § 1681a(b).

66. Trans Union is a "credit reporting agency" as defined at 15 U.S.C. § 1681a(f).

67. A "consumer report" as defined at 15 U.S.C. § 1681a(d)(1) is "any written, oral, or other

   communication of any information by a consumer reporting agency bearing on a

   consumer's credit worthiness, credit standing, credit capacity, character, general

   reputation, personal characteristics, or mode of living...."

68. As a person who uses consumer reports, MCM had a duty to properly ascertain if there

   was any legitimate permissible purpose pursuant to 15 U.S.C. § 1681b prior to

   obtaining Plaintiff's Trans Union consumer report.

69. As a result of obtaining Plaintiff's Trans Union consumer report without a permissible

   purpose pursuant to 15 U.S.C. § 1681b, MCM actions in so doing are willful within the

   meaning of 15 U.S.C. § 1681n.

70. As a result of the foregoing violation, Plaintiff's right to financial privacy was

   egregiously violated and Defendant MCM is liable to Plaintiff's for statutory damages,

   punitive damages, costs, and attorney's fees.

### THIRD CLAIM FOR RELIEF:
### Violations of the New York GBL § 349
### Engaging in Unlawful Deceptive Practices and Acts

71. Plaintiff repeats and realleges each and every allegation above.

72. The acts, practices and conduct engaged in by the Defendant and complained of herein

   constitute "deceptive acts and practices" within the meaning of Article 22A of the

   General Business Law of the State of New York, New York GBL § 349.

73. Defendant MCM willfully and knowingly engaged in conduct constituting deceptive acts

and practices in violation of New York GBL § 349.

74. Plaintiff has suffered actual damages as a result of the foregoing acts and practices, including, among other things, anger, anxiety, frustration, and emotional distress caused by Defendant.

75. By virtue of the foregoing, Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorney's fees.

### FOURTH CLAIM FOR RELIEF:
### Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.*
### Willful Non-Compliance by Defendant MCM

76. Plaintiff repeats and realleges each and every allegation above.

77. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et. seq.*

78. As a result of its duties and legal obligations as a debt collector, Defendant MCM knew or should have known that making repeated calls using an automatic dialing system to Plaintiff's cellular telephone number without prior express consent is a violation of Federal Law.

79. As a result of breaching its duties and legal obligations, Defendant's repeated telephone calls using an automatic dialing system without prior express consent are willful within the meaning of 47 U.S.C. § 227(b)(3).

80. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et. seq.*, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

### V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Chad R. Goetz prays that this Honorable Court enter judgment in his favor for money damages against Defendant MCM as follows:

a. for the First Claim for Relief, an award of $1,000 to encompass the statutory violations pursuant to 15 U.S.C. § 1692k and an award of actual damages to be determined by the jury, as well as costs of the action and attorney's fees;

b. for the Second Claim for Relief, pursuant to 15 U.S.C. § 1681n(a)(1)(b), an award of $1,000; pursuant to 15 U.S.C. § 1681n(a)(2), award such punitive damages as the jury deems appropriate; and pursuant to 15 U.S.C. § 1681n(a)(3), award costs of the action and attorney fees;

c. for the Third Claim for Relief, award Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

d. for the Fourth Claim for Relief award $88,500 to encompass the trebled statutory violations pursuant to 47 U.S.C. § 227(b)(3).

e. grant such other and further relief as this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 14th, 2013

Respectfully submitted,

Chad R. Goetz
P.O. Box 234
Liverpool, New York 13088
315-466-9719
cgoetz74@gmail.com

*Plaintiff*

# EXHIBIT  A

## AFFIDAVIT OF FACT

STATE OF NEW YORK        §

COUNTY OF ONONDAGA     §

BEFORE ME, the undersigned Notary, on this __14th__ day of __January__ 2013,

personally appeared Chad R. Goetz, who being by me first duly sworn, on his oath, deposes

and says:

1. "My name is Chad R. Goetz.  I am over the age of 18, of sound mind, and am competent

   to make this affidavit, and am personally acquainted with the facts herein stated.  I have

   never been convicted of a felony or misdemeanor involving moral turpitude.

2. My cellular telephone has been listed in the National Do Not Call Registry since June

   2011.

3. I began receiving phone calls from 'No ID' beginning January 16, 2012, and on or

   about January 19th, 2012 I received my first written communication from Midland

   Credit Management, Inc.

4. From January 16, 2012 to February 14, 2012, I received a total of fifty-nine [59] calls to

   my cellular telephone from 'No Id.'  An Annexure entitled *Plaintiff's Cellular Telephone*

   *Call Log* includes the exact dates and times of each call, as well as a transcription of each

   voicemail left on my cellular telephone voice message system when there was a

   message left.

5. The transcription given in the Annexure of each voicemail left on my cellular telephone

   voice message system reflects truly and correctly what the voices on the voicemail were

   heard to say.

6.  Prior to beginning to receive calls from 'No ID,' I had not received any calls on my cellular telephone from 'No ID.'

7.  I answered the call from 'No ID' on February 14, 2012 and the individual with whom I spoke was heard to say that they were calling from Midland Credit Management.

8.  After the February 14, 2012 phone call from 'No ID,' subsequently identified as Midland Credit Management, I received no further calls to my cellular telephone from 'No ID.'"

## AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this Affidavit to be true and correct.  I hereby further affirm that the basis of these statements is of my own personal knowledge of the events described herein.

FURTHER THE AFFIANT SAYETH NAUGHT.

Dated:  January 14th, 2013

Chad R. Goetz
P.O. Box 234
Liverpool, N.Y.  13088
315-466-9719
cgoetz74@gmail.com

*Affiant*

STATE OF NEW YORK                            §
                                             §
COUNTY OF ONONDAGA                           §

BEFORE ME personally appeared Chad R. Goetz who, being by me first duly sworn and identified in accordance with New York law, did execute the foregoing in my presence this _14_ day of _Jan_ 2013.


Christina m Bush
Notary Public

My commission expires: 11-01-14


CHRISTINA M BUSH
Notary Public - State of New York
NO. 01BU6230453
Qualified in Onondaga County
My Commission Expires  11-01-14

This and the following two [2] pages constitute the document referred to as the Annexure

in the Affidavit of Fact of Chad R. Goetz, sworn at Manlius, New York on January 14th, 2013

before me, Christina Bush, Notary Public.

*Christina M Bush*

Notary Public

My commission expires: 11-01-14

> CHRISTINA M BUSH
> Notary Public - State of New York
> NO. 01BU6230453
> Qualified in Onondaga County
> My Commission Expires 11-01-14

## Plaintiff's Cellular Telephone Call Log

*Entries in bold denote that voicemails were left on Plaintiff's cellular telephone voicemail service; below said entries is a true and correct transcript of the voicemail left.*

**January 16, 2012 10:02am**
> "*[in a pre-recorded female voice]* All representatives are temporarily assisting other customers. Please continue to hold briefly. We apologize for the delay; please continue to hold briefly. Thank you for your patience, your call is next in line. *[music in background, then a live female voice]*...Hello?"

**January 16, 2012 7:24pm**
> "Hello?*"*

**January 18, 2012 12:06pm**
> "*[in a pre-recorded female voice]* All representatives are temporarily assisting other customers. Please continue to hold briefly. We apologize for the delay; please continue to hold briefly. Thank you for your patience, your call is next in line. *[music in background, then a live female voice]*...Hello?"

January 19, 2012  1:51pm
January 19, 2012  1:52pm

**January 20, 2012  2:11pm**
> "*[a second of silence, then a live male voice]*...Hello?  Hello?"

January 21, 2012  12:50pm

January 22, 2012 2:31pm

January 23, 2012 12:27pm
January 23, 2012 4:29pm

January 24, 2012 10:41am
January 24, 2012 2:53pm
January 24, 2012 8:57pm

January 25, 2012 10:53am
January 25, 2012 3:07pm
January 25, 2012 6:27pm

January 26, 2012 3:59pm

January 27, 2012 11:50am

January 28, 2012 2:46pm

January 29, 2012 2:42pm

January 30, 2012 10:01am
January 30, 2012 1:55pm
January 30, 2012 6:26pm

January 31, 2012 10:01am

**February 1, 2012 10:02am**
    "*[in a pre-recorded female voice]* All representatives are temporarily assisting other customers.  Please continue to hold briefly.  We apologize for the delay; please continue to hold briefly.  Thank you for your patience, your call is next in line. *[music in background, then a live female voice]* Hello?"

February 1, 2012 1:40pm
**February 1, 2012 6:57pm**
    "*[after a second of silence, then a live male voice]* Hello?  May I speak to Chad Goetz?"

February 2, 2012 11:36am

February 3, 2012 3:01pm
February 3, 2012 4:08pm

February 4, 2012 11:37am
February 4, 2012 4:14pm

February 5, 2012 11:41am

February 5, 2012 3:05pm

February 6, 2012 10:02am
February 6, 2012 11:35am
February 6, 2012 1:53pm
February 6, 2012 3:41pm

February 7, 2012 10:02am
February 7, 2012 11:13am
February 7, 2012 12:51pm
February 7, 2012 2:01pm

February 8, 2012 10:29am
February 8, 2012 1:42pm

February 9, 2012 11:27am
February 9, 2012 1:43pm

February 10, 2012 11:49am
February 10, 2012 2:52pm

February 11, 2012 11:24am
February 11, 2012 1:47pm

February 12, 2012 11:30am
February 12, 2012 4:19pm

February 13, 2012 10:01am
February 13, 2012 11:12am
February 13, 2012 12:31pm
February 13, 2012 2:02pm

February 14, 2012 10:20am
February 14, 2012 1:23pm
February 14, 2012 3:42pm
> This call was answered.  Individual with whom I spoke identified herself as calling from
> Midland Credit Management.

℠JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Chad R. Goetz

**DEFENDANTS**

Midland Credit Management, Inc

**(b)** County of Residence of First Listed Plaintiff Onondaga
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| | | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692 ; 15 USC 1681 , 47 USC 227

Brief description of cause:
yes

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE 1/14/13

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # SYR 034072   AMOUNT 350   APPLYING IFP   JUDGE GLS   MAG. JUDGE ATB

5:13 CV 50